We're going to move now to Appeal 22-1176, Albert Thomas v. Chicago Teachers' Pension Fund. We're going to first hear from Ms. Akins, who's appearing now on our screen. Thank you, Ms. Akins, for unmuting. And Mr. Andrews is present here in the courtroom. And Ms. Akins, let me recognize you now on behalf of the appellant. Thank you, Your Honor. And thank you, Your Honor, for allowing me to appear remotely as I'm traveling. You're welcome. And may it please the Court, my name is Karla Akins on behalf of the appellant who is the plaintiff here, Mr. Albert Thomas. First, I think that if the panel affirms the ruling of the District Court, then I think we're setting a new precedent with respect to, and particularly during the pandemic time, of what the EEOC is supposed to do. They're not lawyers. Mr. Thomas obviously is not an attorney. As I said in reply, if we do that, then we're going to, if we say that what happened here means that he did not exhaust his administrative remedies, that means then the EEOC needs to provide more training and litigants have to have lawyers. And I don't think that that's the standard. Ms. Akins, can you tell me what happened on or about October 26, 2020? That's when Mr. Thomas was informed that he was passed over for promotion by his supervisor, who then ended up being the one who had made the improper remarks to him. Do you have another question, Your Honor, or may I continue? No, you can continue. Okay, thank you. Just in my experience in dealing with them, I mean, they don't have the resources to be able to go into these claims and investigate them. And unfortunately, I don't think that making a standard that requires them to do more work on behalf of people who are just trying to get their rights adjudicated is the way to go in this matter. With respect to the police arguments, which is basically that they didn't have a chance to respond here, there's no record that they ever did respond or participate in. So to the extent that they're indicating that they're supposed to be for allowing them to participate in the administrative process, they didn't actually engage in it. And I don't think that they should be allowed to say that in theory we should be allowed to participate, but we didn't actually do so here. I think that the policy reasons cut the other way because Mr. Thomas was not able to have an attorney. He didn't have an attorney. And the way that these things typically work is that they want them to be vague. I don't know what the reason is. I think they're protecting sometimes the individuals who are part of the process. I know that the district court indicated, for instance, that it didn't include names so that they wouldn't have been able to get to that part. Well, that's part of what the investigation process would have revealed. If you put the name of an individual in a charge, it will get redacted. So the respondent wouldn't even be able to see that to be able to investigate it. That's the point. It's just the beginning of the process. Looking at the EEOC charge, Mr. Thomas checks the box for sex as a basis for his claims and retaliation as a basis for his claims. And yet, in the section where he is required to set the factual basis for his claims, he expressly states that his claims are based upon discrimination on race. And he states that his claims are based upon a claim for discrimination based on his age. But he doesn't mention sex. And he certainly doesn't give any sort of factual basis for his retaliation claim. So what are we to make of that then? What is actually not we, what an employer that receives that charge or the EEOC investigator that sees that charge, what are they to make of that? Well, I think with the standard of expected to arise out of the investigation or that these things so that we would have been able to explain that in the boxes. And just so we're clear, I think what you're stating is exactly the reason why we should not hold litigants to this type of a standard. He did not draft this. This was drafted by the EEOC. And it's a presumption that a government agency, when they give you something, you review it, it's fine. And that's what Mr. Thomas did here. He looked at it. Okay, well, they've checked off the boxes of the things that I think were going on. And I can tell you that every single charge has those last two sentences in it, because that's what the agency includes on the charges. It's not drafted by the person. I don't think it should be construed against them because they decided to trust that the EEOC would know what the law was. And again, even the EEOC officer is not an attorney. I think what they're trying to do is get the process started, which is what the cases in the Seventh Circuit have indicated. This is just the beginning of the process. And then this is not the end. The particulars are not what is important at this point in time, but what is important is what their claims are. In my experience, once you get the charge and you see that they've checked off these boxes, and they'll actually respond in their position statement, well, race, retaliation, age, these are the things that the person has claimed. And here's why that's not the case. I even had other ones where they'll say, well, if we've given a reason that we find to be non-discriminatory, then we're not even going to address all of the bases that the claimant is saying, because they don't need to, because they're saying, well, we didn't discriminate against him in general because this is our reason. They don't necessarily go into each of those particular bases. And so that's why I think trying to hold him to a standard and hold the, and hold him responsible for something that he didn't draft, I don't think is fair under the circumstances. And I think that's what the Scheides versus Ford Motor Company case that came out in 2019, I think, is saying. It's just basically, you want to be able to get the process started. It's not, and that's what the complaint is for. If you see on there, they even have continuing violation. All you do is check the box. That means you don't have to write every single continuing violation. They're just giving bare minimum dates because that's how this administrative process works. It's just putting them on notice. At that point, then they do a position statement, and then the that's when we get into the particulars of what all is here. I just don't think that it's fair to litigants to try to hold them to a different standard when the whole purpose of this process was to allow them to be able to do these things themselves. Very often, I get cases where I, the person has already gone to the EEOC, and there's nothing that we can do at that point because they may have a right to sue letter, and that's the first time they're told, okay, well, now you have a right to sue. Then that's when they call me because now I need to file a lawsuit. I understand that part, but all the things leading up to it, there's no way to undo those things. If we drafted them, it would be a very different thing, but I don't think that we want to make that rule, and I don't think that it's fair to impose on the agency a burden to follow the particulars of what a lawyer would do in drafting a charge. That's not what they do, and so, therefore, I don't think it's fair to then come in after the fact and say I didn't understand a process that I didn't, that there's no record that you ever even showed an interest in taking a part in, and you're stating that as the policy reason for why this should be stricken. At the point that you come into court and we file a complaint, then that's when I think we're involved. Lawyers are involved. We're able to actually tell exactly what happened, list names, do all those things that the agency might not do, and I'd like to note out, excuse me, make note of the fact of the timing of this because this is right in the middle of the pandemic. They were behind with processing EEOC charges. Right to sue letters weren't even being issued, so we were having to draft the charges, and we hoped that the person had enough time at that point when we got to them to do that, so it was a hectic time, and I just would hope that Mr. Thomas would not be held to a high standard by himself in this case, and I would like to preserve two minutes for rebuttal. Thank you. Thank you, Ms. Akins. That time will be reserved. We'll now hear Mr. Andrews from Mr. Andrews on behalf of the appellee. Good morning. Good morning. May it please the court, I'm Greg Andrews, and I represent Chicago Teachers Pension Fund, the defendant appellee. I must begin with an apology. Page nine of our brief does contain an error. Indeed, the box for age is checked. There was a misstatement on page nine where we said it wasn't, but it was, but checking a box is not enough under this court's well established precedence going back to Cheek v. Western and Southern Life Insurance, Vella v. Village of Sauk, Moore v. Vital Products. What is being asked here by appellant is for this court to water down well-established precedent and to excuse what the courts have said repeatedly. At a minimum, there must be the same conduct and the same individuals named between the charge and the complaint, and we just don't have that here. Here we have allegations of I didn't get raises, others received, and I didn't get a promotion, and the promotion listed in the charge is listed as happening or being informed of on October 26th of 2020, yet when given an the promotion or the news of the not getting a promotion was received. Instead, then the complaint names an entirely different date of just the month of February in the year 2020, and goes on to say there were numerous times where I should have been given a promotion, doesn't name who was involved, doesn't tell us enough when you compare it to the charge. But I would think though, Mr. Andrews, that your client would have that information, right? And so if the petitioner or the claimant says, well, you know, I believe I was discriminated against because there were three or four instances where they promoted someone other than me, and I believe that's because of my age. Are you saying that the claimant has to actually set forth a date for each of those instances, or isn't that enough to give the employer some notice to go back into its own records to say, oh, well, you know, these are the three or four times when someone in his department was promoted? No, Your Honor. We note that in Cheek and many of the other cases, we don't have to have the exact particulars, but we have to have the same conduct and the same individuals. There's no individuals named at all in the charge, and the conduct is slightly different. As in McGoffney, the court pointed out there, you have similar conduct, but it's not the same kind of conduct. You have to have the same conduct and the same individuals involved in both places, and that's simply not the case here. Further, when it comes to retaliation, checking the box, and as Your Honor pointed out earlier, with respect to sex, there's just no, and age as well, there's no factual allegation contained in the narrative portion of the charge. So, as really conceded in Mr. Thomas' brief at page 9, where it concedes that retaliation simply isn't there, the same is also true then for age and sex and race, because when you get to race, they're a little closer, but again, the alleged conduct doesn't match up with the conduct then alleged in a complaint, and that's very similar to in Cheek, where she said, I had to pay premiums, and the males didn't have to pay the premiums, but then in Cheek, when she got to her complaint, she said, well, it was really different. I had a different conduct. It was more harassing, and again, they were different things. Were we on notice as to who some of his supervisors were? I suppose, but again, in the short period of time, November 2nd to January 12th, that this case was with the EEOC, and then a right to sue was issued, all we know is that timing, but that tells us that a right to sue was requested, and that meant that an attorney was involved, so when counsel says, I need an excuse here because it's the EEOC's fault, counsel's involved as early as sometime in December and could have amended the charge first before requesting a right to sue letter, because that short period of time, if indeed, and I think we all know that the EEOC was a bit behind at the time, for a right to sue to issue in less than two months means it was requested, and that's what we can infer from that very short time frame, so the record shows that there's just a mismatch here. The charge and the complaint don't match up, and at a minimum, there must be the same conduct and the same individuals involved, and that's just not here for any of the accounts of the complaint. Thank you, Mr. Andrews. Thank you. And Ms. Aikens, we'll go back now to you for rebuttal argument. Thank you, Your Honor. Just briefly, with respect to counsel indicating that the same individuals aren't named, once again, I would challenge anybody to find a charge that has people's names in it. They black them out. They don't include them there. I'm assuming for issues of reprisal that they don't want the employees, if you either name, especially if you name somebody who was treated worse than you were or similarly to how you were, they will not put their names in those charges, so I would push back on that. There's what happens in the real world and what happens, what should happen, but that's how they, that's how it works there. With respect to when they were given the opportunity to amend the complaint, we can't look at the complaint when it's convenient and then not when it's not. We have a lot more facts in the complaint because we drafted it. At this point, if we're looking at the charge, the issue in what the district court was looking at was whether the charge was sufficient to put them on notice of the things that appeared later on, and we are stating that it was. There's nothing to say what the factual allegations have to be in that box. I think, again, who is this standard for? How will it help anybody if we say, Mr. Thomas, you had to do this? Litigants aren't going to read this opinion. Lawyers are, so I can't get to Mr. Thomas any earlier than I did to suggest that I could have amended the charge. There's no record of that, no record of conversations with respect to them or whether the timing was past the 300 days. That's not, you can't just amend charges and try to add things that are beyond the time period, so that's not, I don't think that's an argument that should hold weight here. I think to the extent that the purpose of these laws are to help people and to remedy discrimination, we should make it such that they don't have to go to lawyers right away. They can go to the EEOC, and when they come into court, we can try to do what we can to help them. Thank you. That's all. Thank you, Ms. Akins. Thank you, Mr. Andrews. The case will be taken under advisement.